UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

COREY WILLIS,

    Plaintiff

v.

WILLIAM HUTCHINGS, et al.,

    Defendants

Case No.: 2:21-cv-01976-APG-NJK

**Order Granting Motions to Dismiss and for Summary Judgment**

[ECF Nos. 20, 21]

    After screening, I allowed plaintiff Corey Willis to proceed with a deliberate medical indifference claim based on allegations that Nevada Department of Corrections personnel delayed cataract surgery on his left eye. I allowed the claim to proceed against defendants William Hutchings and Brian Williams in their official capacities only and for the sole purpose of pursuing injunctive relief in the form of requiring the cataract surgery on Willis's left eye. ECF No. 11 at 2, 10-11, 13. I also allowed the claim to proceed against "any person who personally participated in the alleged violation but only when Willis discovers their true name and obtains leave of court to substitute them for a Doe defendant." *Id.* at 13.

    Williams and Hutchings move to dismiss or alternatively for summary judgment. They argue that the only claim against them is moot because Willis underwent the left eye cataract surgery on May 17, 2022. ECF No. 20-3 at 2. Willis admits he received the surgery. ECF Nos. 25 at 7-8; 29 at 2. He contends, however, that he may need another eye surgery and he suggests that I could require a second opinion from another eye doctor. *Id.* Willis thereafter filed a "memorandum" showing that he was seen by another eye doctor in January 2023. ECF No. 31.

"Article III of the United States Constitution limits the jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 861 (9th Cir. 2017) (quoting U.S. Const. art. III, § 2, cl. 1). "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Id.* at 862 (quotation omitted). A case is moot if there is no "present controversy as to which effective relief can be granted." *Id.* (quotation omitted). As the parties asserting this case is moot, the defendants bear "the heavy burden of establishing that there remains no effective relief a court can provide." *Id.* "The question is not whether the precise relief sought at the time the case was filed is still available, but whether there can be any effective relief." *Id.* (quotation omitted).

Willis's claim is moot as to Williams and Hutchings. The only claim against them was for deliberate indifference to Willis's medical need for left eye cataract surgery, and this claim was against these two defendants solely in their official capacities for injunctive relief to require the surgery. Willis admits he had that surgery. Even considering Willis's subsequent request to see another eye doctor, that has also happened. There is no further effective relief I can provide to remedy Willis's deliberate indifference claim to require left eye cataract surgery. Consequently, I grant Williams and Hutchings' motion to dismiss them with prejudice.

As for the unnamed individuals who personally participated in the alleged deliberate indifference violation, Willis has not identified who those individuals are. Discovery is closed and the deadline to amend the pleadings has passed.[1] ECF No. 23. I therefore dismiss Willis's

---

[1] Willis filed a motion to amend his complaint, but that motion was denied without prejudice because Willis did not attach a proposed amended complaint to his motion. ECF Nos. 25; 27. Willis did not file another motion to amend.

claims against the unidentified individuals without prejudice. If Willis discovers their identities, he may file a new lawsuit against them.

I THEREFORE ORDER that defendants William Hutchings and Brian Williams' motions to dismiss and for summary judgment **(ECF Nos. 20, 21) are GRANTED**. The clerk of court is instructed to enter judgment in favor of defendants William Hutchings and Brian Williams, and against plaintiff Corey Willis.

I FURTHER ORDER that plaintiff Corey Willis's claims against the unidentified individuals who personally participated in the alleged deliberate indifference violation are dismissed without prejudice to Willis filing a new lawsuit against them if he learns their identities.

I FURTHER ORDER the clerk of court to close this case.

DATED this 10th day of March, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE